IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
STEVEN TURNER,                        :
                                      :
              Plaintiff,              :    CIVIL ACTION
                                      :
     v.                               :    No. 09-cv-3856
                                      :
LYNNE ABRAHAM and VIVIAN MILLER,      :
                                      :
              Defendants.             :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                    **January 28, 2010**

This case is now before the Court on Defendant Lynne Abraham's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 14). For the reasons set forth below, Defendant Abraham's Motion to Dismiss is GRANTED.

**Factual Background**[1]

This case arises out of Plaintiff's arrest and prosecution for an armed robbery that occurred in Philadelphia in 1985. Plaintiff was convicted in 1987 and his sentence was affirmed on appeal in 1989. Plaintiff's conviction became final in 1994 when the allocatur to the Pennsylvania Supreme Court, which had initially been granted in 1990, was dismissed as improvidently granted. Plaintiff subsequently sought a writ of habeas corpus

---

[1] In line with a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, all factual allegations are viewed in the light most favorable to the non-moving party. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted).

1

in the Eastern District of Pennsylvania, challenging the voluntariness of his confession. This was denied in 1995 and the denial was affirmed in 1996 when Plaintiff filed a motion to reconsider. Finally, Plaintiff sought post-conviction relief in the Pennsylvania court system under Pennsylvania's Post-Conviction Relief Act ("PCRA"). This relief was denied by the PCRA Court in 2001, and Plaintiff's appeal was rejected by the Superior Court in 2002. Although we do not have the complete record of Plaintiff's PCRA cases before us, and very little attention was given to the contents of Plaintiff's assertions in the opinions delivered by these courts as both were dismissed as untimely rather than on the merits, it appears that the claims raised by Plaintiff were for ineffective assistance of counsel.

Plaintiff filed the instant action on September 1, 2009, and filed his Amended Complaint on November 9, 2009, bringing his claims under 42 U.S.C. § 1983. In his Amended Complaint, Plaintiff makes a number of broad assertions of violations of his constitutional rights. He alleges that Defendants denied him access to the courts, violated his Fourteenth Amendment Due Process rights, violated the First and Fourth Amendments in refusing to show him requested evidence, deprived him of the opportunity to demonstrate his own innocence in violation of the First, Fourth, and Sixth Amendments, and violated the Sixth Amendment's Confrontation Clause by depriving him of the right to

2

present evidence.  At the heart of all of these claims, however, is Plaintiff's contention that there was never any probable cause for his arrest, and without this arrest, the confession on which his conviction was predicated would never have been obtained. Plaintiff asserts that he has repeatedly requested Defendants to produce Commonwealth's Exhibit C-14 from his initial trial, which allegedly sets forth the police officer's probable cause for Plaintiff's arrest in the form of an affidavit.  Plaintiff, however, claims that Defendants have refused to supply him with this exhibit, and claims that the reason for this failure is that Exhibit C-14 is actually simply a copy of the criminal complaint against Plaintiff, and does not contain any probable cause for Plaintiff's arrest.  Plaintiff claims injury, therefore, both from the underlying arrest without probable cause, and from Defendants' failure to provide him with the requested document.

Defendant Abraham filed a Motion to Dismiss both for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim on which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant asserts that the <u>Rooker-Feldman</u> doctrine prevents this Court from exercising jurisdiction over the present case, and provides a ground for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendant further argues that even if subject matter jurisdiction is appropriate,

the case should be dismissed pursuant to Rule 12(b)(6) because the statute of limitations has run on Plaintiff's claim, Plaintiff seeks to recover against Defendant Abraham solely under a theory of respondeat superior, Plaintiff has failed to allege a constitutional violation to support his § 1983 claim, and Plaintiff has not shown an actual injury from Defendant's conduct.

**Standard**

Federal Rule of Civil Procedure 12(b)(1) requires a court to dismiss a complaint if there is a lack of subject matter jurisdiction. In evaluating a Rule 12(b)(1) motion to dismiss, a court can treat the motion as either a facial or a factual challenge to the plaintiff's complaint. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a facial challenge, the court is limited to considering the complaint itself and any attachments thereto, and must view the facts in the light most favorable to the non-moving party. Id. In a factual challenge, however, the court is permitted to consider other evidence introduced by the parties. Id. When reviewing a factual challenge, the court may "weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1997). Further, not only is there no presumption that the facts pled by the plaintiff are true in a factual

4

challenge, but the burden of establishing the court's jurisdiction falls on the plaintiff.  Id.

Federal Rule of Civil Procedure 12(b)(6) requires a court to dismiss a complaint if the plaintiff has failed to "state a claim on which relief can be granted."  In evaluating a motion to dismiss, the court must take all well-pleaded factual allegations as true, but it is not required to blindly accept "a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 283, 286 (1986).  Although a plaintiff is not required to plead detailed factual allegations, the complaint must include enough facts to "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## Discussion

**12(b)(1)**

When a defendant seeks dismissal of a case pursuant to Federal Rule of Civil Procedure 12(b)(1) as well as other provisions of Rule 12(b), the court must first resolve the issue of subject matter jurisdiction before addressing the remaining grounds for dismissal.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (noting that in cases where a court determines that it lacks jurisdiction, the case must immediately be dismissed).  We will, therefore, start with the challenge to subject matter jurisdiction before addressing any other claims.

Plaintiff claims that this court has jurisdiction under 28 U.S.C. § 1331, and brings his suit by way of 42 U.S.C. § 1983. Defendant raises a factual challenge to jurisdiction, arguing that jurisdiction is barred by the Rooker-Feldman doctrine, and introducing Plaintiff's previous state-court suits to support this contention. The Rooker-Feldman doctrine prevents a party from appealing a state-court decision to a federal district court on the ground that the state court's decision violated the party's constitutional rights. Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). This doctrine only applies, however, to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Supreme Court has emphasized that this is an extremely narrow doctrine that should only be invoked in cases where a party who lost in the state court is attempting to receive review of this decision in a federal district court. Lance v. Dennis, 546 U.S. 459, 464 (2006).

Given the narrow reach of the Rooker-Feldman doctrine and the facts presented by this case, we find that this Court's exercise of jurisdiction is proper. As discussed above, Plaintiff's previous complaints in state court focused on the

voluntariness of his confession and his claims for ineffective assistance of counsel. He brings the present action not to appeal or seek rejection of these decisions, but to raise a new claim that focuses on Defendant's failure to produce the requested document and the existence of probable cause for his arrest. Plaintiff is in no way "inviting district court review and rejection" of the state court decisions as required to implicate the Rooker-Feldman doctrine, and this doctrine, therefore, cannot deprive this Court of subject matter jurisdiction.[2]

**12(b)(6)**

Defendant also urges this Court to dismiss Plaintiff's action for failure to state a claim on which relief can be granted. Defendant first asserts that the statute of limitations has run on Plaintiff's Amended Complaint. Although the statute of limitations is an affirmative defense, courts have allowed

---

[2] Although not raised by Defendant, it appears from the procedural history of this case that a lack of subject matter jurisdiction would be more appropriately predicated on issue or claim preclusion. Neither of these, however, are sufficient to deprive this Court of jurisdiction. First, in order for issue preclusion to apply, the issue must have already been litigated and have been actually decided. Montana v. United States, 440 U.S. 147, 153 (1979). The issues of probable cause for arrest and the failure to produce documents have not yet been litigated or decided, and issue preclusion, therefore, is not available. Claim preclusion, on the other hand, can apply to bar any claim that either was, or could have been, litigated in a prior proceeding between the same parties. CoreStates Bank v. Huls Am. Inc., 176 F.3d 187, 194 (3d Cir. 1999). Although these claims certainly could have been litigated at the prior proceedings and arise out of the same transaction and occurrence as the prior claims brought by Plaintiff, this is the first suit filed against Defendant Abraham, and claim preclusion, therefore, cannot apply. Given these facts, we do have subject matter jurisdiction over Plaintiff's claims against Defendant Abraham.

7

defendants to assert affirmative defenses such as the statute of limitations by way of a motion to dismiss. <u>Davis v. Grusemeyer</u>, 996 F.2d 617, 623 (3d Cir. 1993). This is generally only permissible when the affirmative defense appears on the face of the complaint. <u>ALA, Inc. v. CCAIR, Inc.</u>, 29 F.3d 855, 859 (3d Cir. 1994). When facts or matters outside of the complaint are necessary to establish the affirmative defense, raising it under Rule 12(b)(6) is usually not permitted. <u>See</u> <u>Worldcom, Inc. v. Graphnet, Inc.</u>, 343 F.3d 651, 657 (3d Cir. 2003).

The timing of events in this case appear on the face of Plaintiff's Amended Complaint, making it appropriate for Defendant to raise the running of the statute of limitations under a 12(b)(6) motion. The statute of limitations on a § 1983 action is found by looking to the statute of limitations for general torts in the state where the district court is located. <u>Owens v. Okure</u>, 488 U.S. 235, 249-40 (1989). In Pennsylvania, the statute of limitation for torts is two years. 42 Pa. Cons. Stat. Ann. § 5524(7) (2000). The limitations period begins to run "when the plaintiff has a complete and present cause of action." <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007) (internal quotation marks and citations omitted).

Plaintiff's Amended Complaint states that he was arrested in 1985 and that his trial occurred in 1987. Further, Plaintiff states that he contacted Defendant Abraham on February 3, 1994,

8

August 9, 2004, and August 16, 2007. Plaintiff's first Complaint was filed on September 1, 2009. As noted above, Plaintiff alleges two distinct injuries: first that he was arrested without probable cause, and second that Defendant refused to provide him with the materials necessary to raise this defense. Any cause of action for the arrest without probable cause would have accrued at the time of the arrest, and at the very latest would have accrued when Plaintiff's conviction became final in 1994. It is clear, therefore, that to the extent that Plaintiff is seeking to bring suit under § 1983 for an arrest without probable cause, the statute of limitations has run.

Similarly, the statute of limitations has run on any claim that Defendant improperly denied Plaintiff access to the requested document. Although Plaintiff argues that this is a continuing violation from 1994 to present, the existence of a continuing violation does not extend the statute of limitations if the plaintiff is aware of the injury at the time that it occurred. Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n.6 (3d Cir. 2003). In this case, Plaintiff first requested the document in 1994. He was, therefore, aware that the document was not produced within a short period of time following this request, and has known for a period of over fifteen years that Defendant was not complying with his request. He, therefore, cannot claim that the

continuing violation doctrine allows him to bring claims from outside the limitations period.  Further, Plaintiff has not alleged any violation within the limitations period.  In this case, Plaintiff had a "complete and present cause of action" as soon as Defendant failed to comply with his request, causing the statute of limitations to begin to run.  As all of Plaintiff's requests were made over two years before the filing of his Complaint, he has not alleged any violation within the limitations period.

Finally, we do not think that there is a continuing violation in this case, but, rather, a continuing injury from a single violation.  The Third Circuit has differentiated between continuing violations and "continual ill effects" arising from a single violation.  E.g., Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982) (holding that false imprisonment was not a continuing violation and that the claim accrued when the plaintiff was first imprisoned).  The conduct at issue here seems most analogous to the tort of false imprisonment.  Although a plaintiff may be continuously injured by his wrongful confinement, the statute of limitations does not reset every time the plaintiff requests to be set free.  Similarly here, any violation of Plaintiff's constitutional rights occurred when Defendant refused to turn over the documents, and does not occur again simply because Plaintiff continues to ask for the

documents; the violation, if one exists, was tied to Plaintiff's ability to present his defense at trial or during post-conviction proceedings. This violation has already occurred, and it is only the injury that is continuing. Any violation by Defendant, therefore, is well beyond the two year statute of limitations, and the claim could not be heard at this point even if Plaintiff's most recent request for the document had been made within the last two years.

Because the statute-of-limitations bar is apparent from the face of Plaintiff's Amended Complaint, Defendant's 12(b)(6) Motion to Dismiss based on the statute of limitations is appropriate and provides grounds for this Court to dismiss Plaintiff's action. Given this fact, we need not address the remainder of Defendant's contentions, and can dismiss Plaintiff's Amended Complaint against Defendant Abraham pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Conclusion

Although the Rooker-Feldman doctrine does not prevent this Court from exercising jurisdiction, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. It is clear from the face of Plaintiff's Amended Complaint that the statute of limitations has long since expired on his § 1983 claims against Defendant Abraham, and that Plaintiff cannot avail himself of the continuing violation doctrine. Plaintiff's claims

against Defendant Abraham, therefore, are dismissed.